DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant, Kara McCallum, appeals from the judgment of the Medina County Court of Common Pleas, which denied her motions to suppress and admitted certain evidence over McCallum's objection. This Court affirms in part and reverses in part.
 I {¶ 2} At approximately 4:30 a.m. on August 1, 2007, Deputy Jason Seiberling observed a silver Chevy Cavalier weaving in and out of lanes of traffic and crossing over the fog lines on State Route 42. The vehicle failed to respond when Deputy Seiberling activated the lights on his police cruiser, so Deputy Seiberling sounded the cruiser's air horn to get the driver's attention. The driver of the vehicle, later identified as McCallum, responded to the cruiser's air horn and stopped a short way down road.
 {¶ 3} Deputy Seiberling ran McCallum's license plates through his mobile data terminal and discovered that her driving history contained multiple suspensions for operating a vehicle *Page 2 
while under the influence of alcohol ("OVI"). Deputy Seiberling then approached McCallum's vehicle and asked her a few questions. According to Deputy Seiberling, McCallum had unfocused and bloodshot eyes. McCallum's speech also was slurred, and she appeared to be confused about the direction in which she had been traveling. McCallum staggered when exiting her vehicle and performed poorly on the field sobriety tests that Deputy Seiberling administered. She initially indicated that she had not been drinking, but refused to take a breathalyzer test. Based on all of his observations, Deputy Seiberling determined that McCallum was intoxicated and placed her under arrest.
 {¶ 4} On August 16, 2007, a grand jury indicted McCallum on one count of OVI after having previously been convicted of five similar offenses within the last twenty years, a fourth-degree felony pursuant to R.C. 4511.19(A)(1)(a). On October 29, 2007, McCallum filed two motions to suppress. The first motion sought to suppress three of her six prior OVI convictions on the basis that they were uncounseled and resulted in confinement. McCallum challenged: (1) a February 23, 1989 conviction in Lorain resulting from a no contest plea entered in Case No. 89C0190; (2) a May 19, 1993 conviction in Lorain resulting from a guilty plea entered in Case No. 93TRC534; and (3) a March 15, 1994 conviction in Vermillion resulting from a no contest plea entered in Case No. TRC 93-02941. The second motion sought to suppress any evidence obtained during the traffic stop that resulted in McCallum's arrest.
 {¶ 5} On January 25, 2008, the trial court held a hearing on the motion to suppress that challenged the basis of Deputy Seiberling's traffic stop. On February 29, 2008, the trial court held a hearing on the motion to suppress McCallum's prior convictions. As to McCallum's motion to suppress her three prior convictions, the trial court granted the motion in part and denied it in part. The court found that the State could not rely upon McCallum's 1994 conviction *Page 3 
from Vermillion because the evidence at the hearing indicated that the conviction was uncounseled and resulted in confinement. The court further found that McCallum's 1989 and 1993 convictions from Lorain were admissible because McCallum failed to present consistent, credible testimony in support of her prima facie burden to demonstrate that the convictions were uncounseled. The trial court never expressly ruled on McCallum's other motion to suppress the evidence from the traffic stop. Consequently, this Court presumes that the motion was denied. SeeState v. Anderson (June 16, 1999), 9th Dist. No. 19162, at *4, fn.3.
 {¶ 6} The matter proceeded to a jury trial on March 12, 2008. The jury found McCallum guilty, and the trial court sentenced her to two years in prison. McCallum now appeals from the judgment of the trial court and raises three assignments of error for our review.
 II Assignment of Error Number One "THE TRIAL COURT ERRED WHEN IT DENIED MS. McCALLUM'S MOTION TO SUPPRESS EVIDENCE OBTAINED AS THE RESULT OF AN UNREASONABLE SEIZURE, IN VIOLATION OF THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 14 OF THE OHIO CONSTITUTION."
 Assignment of Error Number Two "THE TRIAL COURT ERRED WHEN IT DENIED MS. McCALLUM'S MOTION TO SUPPRESS PRIOR CONVICTIONS."
 {¶ 7} In her first assignment of error, McCallum argues that the trial court erred in denying her motion to suppress evidence obtained pursuant to Deputy Seiberling's traffic stop because the stop constituted an illegal seizure. Specifically, McCallum argues that Deputy Seiberling did not have a sufficient basis to perform an investigatory stop. In her second assignment of error, McCallum argues that the trial court erred in denying her motion to suppress two of her prior convictions. Specifically, McCallum argues that the trial court erred in *Page 4 
concluding that she failed to meet her prima facie burden to show that her convictions were uncounseled.
 {¶ 8} The Ohio Supreme Court has held that:
 "Appellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. State v. Mills (1992), 62 Ohio St.3d 357, 366. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Fanning (1982), 1 Ohio St.3d 19. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard. State v. McNamara (1997), 124 Ohio App.3d 706." State v. Burnside, 100 Ohio St.3d 152, 2003-Ohio-5372, at ¶ 8.
Accordingly, this Court reviews the trial court's factual findings for competent, credible evidence and considers the court's legal conclusions de novo. State v. Conley, 9th Dist. No. 08CA009454, 2009-Ohio-910, at ¶ 6, citing Burnside at ¶ 8.
Traffic Stop {¶ 9} A traffic stop constitutes a seizure under the Fourth Amendment.Whren v. United States (1996), 517 U.S. 806, 809-10. Yet, an investigative traffic stop does not violate the Fourth Amendment where an officer has reasonable suspicion that the individual is engaged in criminal activity. Maumee v. Weisner (1999), 87 Ohio St.3d 295, 299. To justify an investigative stop, an officer must point to "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Id., quoting Terry v.Ohio (1968), 392 U.S. 1, 21. In evaluating the facts and inference supporting the stop, a court must consider the totality of the circumstances as "viewed through the eyes of a reasonable and cautious police officer on the scene, guided by his experience and training" in evaluating the facts and inferences supporting the stop. State v.Bobo (1988), 37 Ohio St.3d 177, 179, quoting *Page 5 United States v. Hall (C.A.D.C. 1976), 525 F.2d 857, 859. AccordState v. Freeman (1980), 64 Ohio St.2d 291, paragraph one of the syllabus.
 {¶ 10} McCallum argues that the trial court should have granted her motion to suppress any evidence obtained as a result of Deputy Seiberling's traffic stop because he lacked reasonable suspicion to stop her vehicle. We disagree.
 {¶ 11} Deputy Seiberling, a ten year veteran with the Medina County Sheriffs Office, testified that he spotted McCallum's vehicle traveling Southbound on Route 42 at approximately 4:30 a.m. According to Deputy Seiberling, "[t]he vehicle was weaving in the lanes, going off to the right and then sharply back to the left, crossing over the fog lines." R.C. 4511.33 prohibits marked lane violations on roadways divided into two or more clearly marked lanes of traffic. The Ohio Supreme Court has held that "[a] traffic stop is constitutionally valid when a law-enforcement officer witnesses a motorist drift over the lane markings in violation of R.C. 4511.33, even without further evidence of erratic or unsafe driving." State v. Mays, 119 Ohio St.3d 406,2008-Ohio-4539, syllabus. Given the early hour, Deputy Seiberling's experience, and his observation of McCallum weaving to the extent of crossing over the fog line, we must conclude that the traffic stop at issue in this case did not constitute an illegal seizure. See id. at ¶ 12-24 (concluding that officer who witnessed marked lane violation had reasonable suspicion and also probable cause to stop defendant's vehicle on that basis alone). McCallum's argument, that the trial court erred in failing to grant her motion to suppress, lacks merit.
Prior Convictions {¶ 12} The State may use an offender's previous DUI convictions to increase the current charges against her and to enhance her sentence upon conviction. See R.C. 4511.19(G)(1)(d) (governing increased penalties for an offender with five or more violations within twenty years *Page 6 
of the current offense). When a prior conviction actually "transform[s] the crime itself by increasing its degree[,] *** [t]he prior conviction is an essential element of the crime and must be proved by the state."State v. Allen (1987), 29 Ohio St.3d 53, 54. "A criminal defendant has a limited right to collaterally attack a prior conviction when the State intends to use the conviction to enhance a later criminal offense."State v. Noble, 9th Dist. No. 07CA009083, 2007-Ohio-7051, at ¶ 10, citing State v. Brooke, 113 Ohio St.3d 199, 2007-Ohio-1533, at ¶ A defendant bears the burden of making a prima facie showing of the constitutional infirmity of a prior conviction. Brooke at paragraph one of the syllabus. To do so, a defendant must show that: (1) she did not have counsel to represent her; (2) she did not validly waive the right to counsel; and (3) the conviction resulted in confinement. State v.Thompson, Slip Opinion No. 2009-Ohio-314, syllabus. The burden then shifts to the State to prove that the defendant properly waived her right to counsel. Id.
 {¶ 13} The trial court determined that McCallum failed to meet her prima facie burden to show that her two prior convictions were uncounseled because, at most, her evidence showed "that she was unsure whether she was represented or unrepresented." McCallum argues that the trial court erred in concluding that she did not meet her prima facie burden to show that her two prior convictions from Lorain were uncounseled. McCallum avers that she "was steadfast in her insistence that she was not represented" in those cases. We disagree.
 {¶ l4} The transcript from McCallum's suppression hearing is replete with hedged responses from McCallum regarding whether she had counsel in Case No. 93 TRC 0534 and Case No. 93 TRC 02941 from Lorain. When asked on direct examination whether she had counsel in Case No. 93 TRC 0534, McCallum responded "I'm not sure. I don't think so." As to Case No. 93 TRC 02941, McCallum indicated that she had an attorney at the beginning of the *Page 7 
case, but could not afford to continue paying him. She testified on direct examination that she "d[id]n't believe he was there in attendance."
 {¶ 15} "A bald allegation of constitutional infirmity is insufficient to establish a prima facie showing with respect to an `uncounseled' plea." Thompson at ¶ 7. Apart from the fact that McCallum's testimony on the issue of whether her two prior convictions were uncounseled was less than clear, McCallum presented no evidence in support of her burden to show that she did not validly waive the right to counsel in those cases. To show that her two prior convictions were uncounseled, McCallum had to present evidence that she was not represented and that she did not validly waive her right to counsel in those cases. Thompson at ¶ 7. McCallum utterly failed to demonstrate the latter. Accordingly, the trial court did not err in denying her motion to suppress her two prior convictions from Lorain.
 {¶ 16} McCallum's first and second assignments of error are overruled.
 Assignment of Error Number Three "THE TRIAL COURT ABUSED ITS DISCRETION BY ADMITTING STATE'S EXHIBIT 2 INTO EVIDENCE."
 {¶ 17} In her third assignment of error, McCallum argues that the trial court erred in admitting the State's Exhibit 2, which consisted of a BMV printout of McCallum's driving offenses. Specifically, McCallum argues that the State failed to properly authenticate Exhibit 2. We agree.
 {¶ l8} "The admission or exclusion of relevant evidence rests within the sound discretion of the trial court." State v. Sage (1987),31 Ohio St.3d 173, paragraph two of the syllabus. An appellate court will not disturb evidentiary rulings absent an abuse of discretion that produced a material prejudice to the aggrieved party. State v. Roberts,156 Ohio App.3d 352, 2004-Ohio-962, at ¶ 14. An abuse of discretion is more than an error of judgment; it means *Page 8 
that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Ports v. Ohio StateMed. Bd. (1993), 66 Ohio St.3d 619, 621.
 {¶ 19} McCallum argues that Exhibit 2 was inadmissible based on three grounds: (1) R.C. 2945.75; (2) Evid. R. 902; and (3) Evid. R. 403. The record reflects, however, that McCallum failed to object to the admission of Exhibit 2 on the basis of Evid. R. 403 in the court below. A defendant forfeits appellate review of an alleged error at trial if she fails to contemporaneously object to that error at trial. State v.Payne, 114 Ohio St.3d 502, 2007-Ohio-4642, at ¶ 23; Crim. R. 52(B). Because McCallum forfeited her Evid. R. 403 argument by failing to object on that basis at trial and does not argue plain error on appeal, we will not address her Evid. R. 403 argument. See State v. Lortz, 9th Dist. No. 23762, 2008-Ohio-3108, at ¶ 13, citing State v. Hairston, 9th Dist. No. 05CA008768, 2006-Ohio-4925, at ¶ 11. Consequently, we confine our analysis to McCallum's R.C. 2945.75 and Evid. R. 902 arguments.
 {¶ 20} R.C. 2945.75(B) provides that:
 "(1) Whenever in any case it is necessary to prove a prior conviction, a certified copy of the entry of judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar, is sufficient to prove such prior conviction.
 "(2) Whenever in any case it is necessary to prove a prior conviction of an offense for which the registrar of motor vehicles maintains a record, a certified copy of the record that shows the name, date of birth, and social security number of the accused is prima-facie evidence of the identity of the accused and prima-facie evidence of all prior convictions shown on the record. ***"
Evid. R. 901 provides that authentication or identification of a piece of evidence is a condition precedent to the admissibility of that evidence. Evid. R. 902 lists certain items that are self-authenticating so to negate the need for any extrinsic evidence in support of the item's *Page 9 
admissibility. An item that is not self-authenticating must be properly authenticated by other means. See Evid. R. 901 (listing several examples of methods for authenticating an item). "Official reports made by officers of this state, or certified copies of the same, on a matter within the scope of their duty as defined by statute, shall, in so far as relevant, be admitted as evidence of the matters stated therein." R.C. 2317.42
 {¶ 21} McCallum argues that the trial court by admitting Exhibit 2 because it is not a "certified copy" of her driving record. The State relied upon Exhibit 2 to match McCallum to the identity of the individual named in the five certified copies of convictions that the State introduced as Exhibits 3 through 7. Accordingly, McCallum argues that she was prejudiced by Exhibit 2's admission because it was a necessary document "linking" the State's case together.
 {¶ 22} The State's Exhibit 2 consisted of a copy of McCallum's driving record and a copy of a cover sheet signed by Mike Rankin and marked "Driver Record Certification." Rankin indicates on the cover page that he is the Registrar and custodian of the files and records for the BMV and that "the attached documents are true and accurate copies of the records in [his] custody." Yet, Exhibit 2 is not notarized and does not contain an official seal. It appears to be a photocopy of a letter from Rankin. Moreover, Rankin did not testify at trial. The State introduced Exhibit 2 through the testimony of Deputy Seiberling. The trial court initially overruled McCallum's objection to Exhibit 2 during Deputy Seiberling's testimony. When the State sought to admit Exhibit 2 at the conclusion of trial, however, the trial court indicated that it believed that Exhibit 2 was inadmissible because it lacked an official seal or certification. The State then requested a short continuance, and the trial court agreed to research the issue. When the matter reconvened thirty minutes later, the trial court determined that Exhibit 2 was admissible and specified the following: *Page 10 
 "The problem the Court had with this document, State's Exhibit 2, was that State's Exhibit 2 wasn't a certified document. I looked and searched the entire document to find any certification at all on this document. *** I have a ruling that Exhibit 2 doesn't come in because it's not a certified copy of the [McCallum's] driving record. *** I was looking on the face sheet for the certification. What I didn't realize is that the face sheet is the certification. *** This document itself says, `I, Mike Rankin, hereby certify that I am the Registrar of the Ohio Bureau of Motor Vehicles,' and `I am custodian of all the files and records of the Ohio Bureau of Motor Vehicles; that a search of the files has been made; and that the attached documents are true and accurate copies of the records in my custody.' This is the seal and certification that I was looking for. I was looking for a separate seal. They don't have one; that's what this thing is."
After the trial court's explanation, McCallum reasserted her objection to Exhibit 2's admission.
 {¶ 23} We cannot agree with the trial court's determination that the State properly authenticated Exhibit 2. Exhibit 2 was not self-authenticating because it lacked a seal, notarization, or affidavit attesting to its authenticity. See Evid. R. 902 (requiring domestic public documents not under seal, certified copies of public records, and acknowledged documents to bear or be accompanied by a seal, official certification, and/or notarization from an authorized individual attesting to the propriety of the item). Even if the original of the "Driver Record Certification" signed by Rankin on official letterhead from the BMV would have sufficed to authenticate the attached driving record, the State only introduced a photocopy of the document. The single photocopied "certification" page and the accompanying five pages of driving records are loosely held together with a paper clip. Moreover, no one from the BMV testified. The State introduced Exhibit 2 through the testimony of Deputy Seiberling. Deputy Seiberling was in no position to attest to Exhibit 2's authenticity or propriety because he had no personal knowledge of the contents of the exhibit. See Evid. R. 901 (providing that an item may be authenticated through the testimony of a witness with knowledge). Accordingly, the trial court erred in admitting Exhibit 2. *Page 11 
 {¶ 24} The State argues that even if the trial court erred in admitting Exhibit 2, the error was harmless because the State also introduced certified copies of the judgment entries from each of McCallum's prior convictions. Yet, only one of the judgment entries contains McCallum's driver's license number and date of birth. The other judgment entries only bear McCallum's name. "A certified copy of the entry of judgment in [a] prior conviction together with evidencesufficient to identify the defendant named in the entry as the offenderin the case at bar, is sufficient to prove such prior conviction." (Emphasis added.) R.C. 2945.75(B)(1). Deputy Seiberling testified as to McCallum's social security number, date of birth, and driver's license number based on the information that he obtained during the course of his investigation. He also confirmed that when he ran McCallum's license plate information through his cruiser's mobile data terminal, he discovered that she "had prior suspensions for operating a vehicle under the influence." Deputy Seiberling did not, however, specify the number of suspensions noted on McCallum's driving record.
 {¶ 25} To convict McCallum of a fourth-degree felony OVI offense, the State was required to prove the existence of at least five similar offenses. While each of the five certified judgment entries of conviction that the State introduced bore McCallum's name, only one of the judgment entries also contained her date of birth and driver's license number. The State relied upon Exhibit 2 to identify McCallum as the offender named in the four remaining judgment entries that did not contain her date of birth or driver's license number. See id. Without Exhibit 2, the jury could have concluded that some or none of the remaining four judgment entries of conviction were McCallum's prior convictions. Accordingly, the trial court's admission of Exhibit 2 was not harmless error. *Page 12 
 {¶ 26} The Ohio Supreme Court recently held that "[w]hen evidence admitted at trial is sufficient to support a conviction, but on appeal, some of that evidence is determined to have been improperly admitted, the Double Jeopardy Clauses of the United States and Ohio Constitutions will not bar retrial." State v. Brewer, Slip Opinion No. 2009-Ohio-593, syllabus. The Supreme Court specified that the State is not barred from retrying a defendant when, "[h]ad the trial court properly ruled on the admissibility of the [S]tate's evidence, the [S]tate would have had the opportunity to present additional evidence [] in support of its burden of proof." Id. at ¶ 24. Here, the State presented sufficient evidence at trial to support McCallum's conviction based on the trial court's evidentiary rulings. On appeal, however, this Court has concluded that "some of that evidence [was] *** improperly admitted." Id. at syllabus. Consequently, while the jury's verdict must be vacated based on Exhibit 2's admission, the State is not prohibited from retrying McCallum as set forth in Brewer.
 {¶ 27} McCallum's third assignment of error is sustained, and the jury's verdict is vacated, but this matter is remanded for further proceedings consistent with this opinion.
 III {¶ 28} McCallum's first and second assignments of error are overruled. Her third assignment of error is sustained. The judgment of the Medina County Court of Common Pleas is affirmed in part, reversed in part, and the cause is remanded for further proceedings consistent with this opinion.
Judgment affirmed in part, reversed in part, and cause remanded. *Page 13 
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed equally to both parties.
BELFANCE, J. CONCURS