[Cite as *State v. Parsittie*, 2022-Ohio-415.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.    20AP0034 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MICHAEL PARSITTIE | WAYNE COUNTY MUNICIPAL COURT COUNTY OF WAYNE, OHIO |
| Appellant | CASE No.    2020 CR-B 000024 |

DECISION AND JOURNAL ENTRY

Dated: February 14, 2022

SUTTON, Judge.

{¶1}    Defendant-Appellant Michael Parsittie appeals his domestic violence convictions from the Wayne County Municipal Court.  For the reasons that follow, this Court affirms.

I.

{¶2}    In the early morning hours of January 5, 2020, the police received a call from an eyewitness reporting a domestic disturbance between a man and a woman at a residence.  The responding officers arrived at the home to find Mr. Parsittie, his girlfriend, T.H., and an eyewitness, N.A.  The officers interviewed all three of the individuals at the scene.  After speaking with everyone, the officers ascertained that Mr. Parsittie had tased T.H. during an argument.  The officers arrested Mr. Parsittie and charged him with two counts of domestic violence.

{¶3}    A jury trial was held on October 13, 2020.  The State called the victim, T.H., as a witness.  T.H. indicated to the trial court she did not wish to testify because she had resumed her

relationship with Mr. Parsittie. The State, surprised by T.H.'s statements, requested the trial court call T.H. as the court's witness. Mr. Parsittie did not object to this request, and the trial court called T.H. as the court's witness, permitting the State to cross-examine T.H.

{¶4} T.H. testified she lived with Mr. Parsittie and had been in a relationship with him for several years. T.H. testified that, on the night in question, she did not remember telling officers at the scene that Mr. Parsittie had tased her and denied telling officers that she urinated all over herself as a result of being tased. After the State played body camera video that captured T.H. making those statements, T.H. claimed to either not remember making the statements or disputed the nature of the statements.

{¶5} The 911 caller and eyewitness, N.A., also testified for the State at trial. The eyewitness testified he received a phone call from the victim, T.H., whom he described as "frantic, upset, worried" and "scared." During that conversation, T.H. requested that N.A. come to her home and get Mr. Parsittie out of the house because "[Mr. Parsittie] put his hands on her." The eyewitness testified he arrived at the home about 15 to 20 minutes after T.H.'s phone call. After arriving at the home, the eyewitness stated that Mr. Parsittie came out to the living room from a back bedroom and got into an argument with T.H. over cigarettes. The eyewitness testified he saw Mr. Parsittie push T.H. into a chair with enough force to knock her off her feet.

{¶6} As the fight between Mr. Parsittie and T.H. continued, the eyewitness testified that Mr. Parsittie screamed "I will slap all of you." The eyewitness next saw Mr. Parsittie's "hand [go] around the back of [T.H.'s] neck and she dropped." The eyewitness testified he heard the sound of the taser going off, saw T.H. drop to the floor, and heard T.H. scream "[y]ou tased me, you tased me." The eyewitness testified he was two to three feet from T.H. when the incident occurred.

{¶7} At the close of the State's case, Mr. Parsittie rested without presenting any evidence or witnesses. The jury returned a verdict of guilty on both counts. At a later sentencing hearing, the trial court sentenced Mr. Parsittie to a jail term and a fine.

{¶8} Mr. Parsittie now appeals from his conviction and raises four assignments of error for this Court's review.

II.

## ASSIGNMENT OF ERROR NO. I

### THE EVIDENCE WAS INSUFFICIENT TO SUPPORT THE JURY VERDICT OF GUILTY.

{¶9} In his first assignment of error, Mr. Parsittie argues his convictions were not supported by sufficient evidence because: (1) the eyewitness' testimony that the taser used in the attack was pink did not match the taser that the State produced in evidence; (2) the testimony indicated Mr. Parsittie had a cut on his face; and (3) the eyewitness testified to having a drug relationship with the victim. For the following reasons, we disagree.

### Domestic Violence Statute

{¶10} The jury found Mr. Parsittie guilty of two counts of domestic violence, one count pursuant to R.C. 2919.25(A) and one count pursuant to R.C. 2919.25(C). R.C. 2919.25(A) states: "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member[,]" and R.C. 2919.25(C) states: "[n]o person, by threat of force, shall knowingly cause a family or household member to believe that the offender will cause imminent physical harm to the family or household member." "Physical harm to persons" is defined as "any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C. 2901.01(A)(3).

**Sufficiency of the Evidence**

{¶11}  Whether a conviction is supported by sufficient evidence is a question of law, which we review de novo.  *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997).  In carrying out this review, our "function * * * is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt."  *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.  "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."  *Id*.

{¶12}  In making his argument that the State failed to provide sufficient evidence to support his convictions, Mr. Parsittie does not point to any single element of the charges against him that he alleges the State failed to establish.  Rather, he points to eyewitness testimony that the taser was pink, testimony that Mr. Parsittie had a cut on his face, and alleged testimony that he had a "drug relationship" with the victim.

{¶13}  In response, the State argues that it presented sufficient evidence to sustain the convictions under both R.C. 2919.25(A) and R.C. 2919.25(C).  To sustain the conviction under R.C. 2919.25(A), the record shows the State presented testimony of the eyewitness, who testified that he witnessed Mr. Parsittie follow T.H. into the bedroom, heard the sound of the taser, and then witnessed T.H. running from the room.  The record also shows the eyewitness testified he witnessed Mr. Parsittie tase T.H. right in front of him in the living room.  Further, in support of Mr. Parsittie's conviction under R.C. 2919.25(C), the record shows the State presented the eyewitness' testimony that T.H. sounded "frantic, upset, worried," and "scared" when he spoke

to her on the phone. The eyewitness also testified that he heard Mr. Parsittie threaten to slap both him and T.H. Additionally, it is undisputed that Mr. Parsittie and T.H. lived together.

{¶14} Viewing this evidence in a light most favorable to the State, a rational trier of fact could have found the essential elements of domestic violence proven beyond a reasonable doubt. The State provided sufficient evidence that, if believed, established every element of both charges against Mr. Parsittie. We, therefore, reject Mr. Parsittie's sufficiency argument.

{¶15} Mr. Parsittie's first assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. II

**[MR. PARSITTIE]'S CONVICTION[S] [WERE] AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.**

{¶16} In his second assignment of error, Mr. Parsittie alleges that his convictions were against the manifest weight of the evidence for the same three reasons he alleged in his first assignment of error. As such, Mr. Parsittie argues: (1) the eyewitness' testimony that the taser used in the attack was pink did not match the taser that the State produced in evidence; (2) the testimony indicated Mr. Parsittie had a cut on his face; and (3) the eyewitness testified to having a drug relationship with the victim. For the following reasons, we disagree.

### Manifest Weight of the Evidence

{¶17} When considering a challenge to the manifest weight of the evidence, this Court is required to consider the entire record, "weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth

juror' and disagrees with the factfinder's resolution of the conflicting testimony." *Thompkins* at 387.

{¶18} "A reversal on this basis is reserved for the exceptional case in which the evidence weighs heavily against the conviction." *State v. Croghan*, 9th Dist. Summit No. 29290, 2019-Ohio-3970, ¶ 26. "[W]e are mindful that the jury is free to believe all, part, or none of the testimony of each witness." (Internal quotations and citations omitted.) *State v. Gannon*, 9th Dist. Medina No. 19CA0053-M, 2020-Ohio-3075, ¶ 20. "This Court will not overturn a conviction on a manifest weight challenge only because the jury found the testimony of certain witnesses to be credible." *Id.*, citing *State v. Crowe*, 9th Dist. Medina No. 04CA0098-M, 2005-Ohio-4082, ¶ 22.

{¶19} Here, Mr. Parsittie argues the evidence does not support he committed the crime of domestic violence because the eyewitness' testimony that the taser used in the attack was pink did not match the taser produced by the State in evidence. Further, Mr. Parsittie argues the eyewitness testified to having a drug relationship with the victim, in an apparent attempt to call into question the credibility of the eyewitness' testimony. However, a careful review of the record does not support either contention made by Mr. Parsittie. The record is void of any evidence of a drug relationship between the victim and eyewitness, and a picture of the taser included in the record on appeal indicates that pink could, in fact, be a color used to describe the taser.

{¶20} The jury heard all the testimony, including cross-examination of the State's witnesses, and reviewed the evidence. The jury heard N.A. testify that he witnessed T.H. being tased. The jury heard testimony from the responding police officers, who indicated that T.H. told them Mr. Parsittie tased her. While the jury heard the testimony regarding the fresh cut on

Mr. Parsittie's face, the jury also saw photographs of what appeared to be red marks from a taser on the back of the victim's neck and were able to reach their own conclusions about what happened on the night in question.

{¶21} As the trier of fact, the jury is tasked with the difficult responsibility of resolving conflicting testimony and evidence presented at trial. However, the jury's resolution of these types of discrepancies in favor of the State does not, in and of itself, invalidate a guilty verdict. As stated above, this Court will not overturn a conviction on a manifest weight challenge only because the jury found the testimony of certain witnesses to be credible. Based upon the record before us, this Court cannot say that the jury clearly lost its way and created such a manifest miscarriage of justice that the domestic violence convictions against Mr. Parsittie must be reversed and a new trial ordered.

{¶22} Accordingly, Mr. Parsittie's second assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. III

**[MR. PARSITTIE] RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.**

{¶23} In his third assignment of error, Mr. Parsittie argues he received ineffective assistance of counsel because his trial counsel conceded to the State's recitation of facts in its opening statement, failed to get a ruling on the record on Mr. Parsittie's Crim.R. 29 motion, and failed to object to the trial court calling the victim as the court's witness. For the following reasons, we disagree.

## Standard of Review

{¶24} "[I]n Ohio, a properly licensed attorney is presumed competent." *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 62. To prove ineffective assistance of counsel, Mr. Parsittie must establish both that: (1) his counsel's performance was deficient, and (2) the

deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance is deficient if it falls below an objective standard of reasonable representation. *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. To establish prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *Id*. at paragraph three of the syllabus. If a defendant fails to prove one prong under *Strickland*, this Court need not address the other prong. *State v. Lortz*, 9th Dist. Summit No. 23762, 2008-Ohio-3108, ¶ 34.

{¶25} Despite suggesting three deficiencies in his trial counsel's performance, Mr. Parsittie failed to argue, and did not establish, how any of these alleged deficiencies prejudiced Mr. Parsittie in any way. In order to establish the prejudice prong under *Strickland*, Mr. Parsittie was required to establish how, but for his trial counsel's deficient performance, there was a reasonable probability that the outcome of his trial would have been different. Mr. Parsittie does not make any such arguments on appeal.

{¶26} Further, this Court has repeatedly held that several of the deficiencies alleged by Mr. Parsittie do not constitute deficient performance by trial counsel under the first prong of *Strickland*. Mr. Parsittie alleges his trial counsel was ineffective by conceding to the State's recitation of facts in its opening statement. Mr. Parsittie does not, however, address how this action by his trial counsel constituted anything more than trial strategy. "Debatable trial tactics do not establish ineffective assistance of counsel." *State v. Cepec*, 149 Ohio St.3d 438, 2016-Ohio-8076, ¶ 111, citing *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, ¶ 146.

{¶27} Mr. Parsittie also alleges he was denied effective assistance of counsel because his trial counsel failed to object to the trial court calling the victim as the court's witness.

However, "[t]his Court has consistently held that trial counsel's failure to make objections is within the realm of trial tactics and does not establish ineffective assistance of counsel." *State v. Smith*, 9th Dist. Wayne No. 12CA0060, 2013-Ohio-3868, ¶ 24, quoting *State v. Guenther,* 9th Dist. Lorain No. 05CA008663, 2006-Ohio-767, ¶ 74, quoting *State v. Bradford,* 9th Dist. Summit No. 22441, 2005-Ohio-5804, ¶ 27. Thus, because counsel's performance did not fall below an objective standard of reasonable representation, Mr. Parsittie has failed to meet his burden under the first prong of *Strickland*.

{¶28} Moreover, Mr. Parsittie also failed to argue or establish how, but for these alleged deficiencies by his trial counsel, there was a reasonable probability that the outcome of his trial would be different. Thus, he has failed to meet his burden under the prejudice prong of *Strickland* for all the alleged deficiencies in his trial counsel's performance.

{¶29} Mr. Parsittie's third assignment of error is overruled.

## ASSIGNMENT OF ERROR NO. IV

**THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING THE STATE OF [OHIO'S] MOTION FOR THE COURT TO CALL [A] WITNESS, AS ITS OWN WITNESS, PURSUANT TO EVID. RULE 614(A).**

{¶30} In his fourth assignment of error, Mr. Parsittie argues the trial court erred as a matter of law in calling the victim, T.H., as the court's witness pursuant to Evid.R. 614(A). For the following reasons, we disagree.

## Evid.R. 614(A)

{¶31} Evid.R. 614(A) provides that: "[t]he court may, on its own motion or at the suggestion of a party, call witnesses, and all parties are entitled to cross-examine witnesses thus called." "A trial court possesses the authority in the exercise of sound discretion to call

individuals as witnesses of the court." *State v. Clay*, 9th Dist. Summit No. 27015, 2014-Ohio-3806, ¶ 53, quoting *State v. Adams*, 62 Ohio St.2d 151 (1980), paragraph four of the syllabus.

{¶32} A review of the record shows that Mr. Parsittie failed to object to the State's request to call the victim as the court's witness pursuant to Evid.R. 614(A). "A defendant forfeits appellate review of an alleged error at trial if [he] fails to contemporaneously object to that error at trial." *State v. Jamison*, 9th Dist. Wayne Nos. 19AP0043, 19AP0044, 2021-Ohio-1763, ¶ 21, quoting *State v. McCallum*, 9th Dist. Medina No. 08CA0037-M, 2009-Ohio-1424, ¶ 19. An objection at trial is required because as "[t]his Court has held, except for a claim of plain error, an appellant may not raise an argument for the first time on appeal." *State v. Piatt*, 9th Dist. Wayne No. 19AP0023, 2020-Ohio-1177, ¶ 20, quoting *State v. Robinson*, 9th Dist. Summit No. 28488, 2017-Ohio-7380, ¶ 12. Because Mr. Parsittie did not preserve his objection in the trial court or develop a claim of plain error on appeal, his argument about the trial court's decision to call the victim as the court's witness is not properly before us. *See Piatt* at ¶ 20; *Jamison* at ¶ 21; *McCallum* at ¶ 19.

{¶33} Mr. Parsittie's fourth assignment of error is overruled.

III.

{¶34} Mr. Parsittie's first, second, third, and fourth assignments of error are overruled. The judgment of the Wayne County Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
BETTY SUTTON
FOR THE COURT

TEODOSIO, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

WESLEY A. JOHNSTON, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and FREELAND OLIVERIO, Assistant Prosecuting Attorney, for Appellee.